IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:08-885-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRAVIS DAVIDSON | ) | |
| | ) | |
| _____ | ) | |

The defendant was sentenced by this court in February 2010, and in 2012 for other crimes in the District of West Virginia. He was recently transferred to the Williamsburg Federal Correctional Institution in South Carolina. Since his sentencing, the defendant has filed numerous *pro se* motions, all of which have been rejected by this court.

The defendant appealed his judgment and conviction, then moved to dismiss that appeal, which the Fourth Circuit Court of Appeals granted pursuant to Fed. R. App. P. 42(b). He subsequently filed, through counsel, a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, raising claims that his trial counsel was not aggressive enough in presenting defendant's "unique medical condition" to the court and suggesting that the sentence the court imposed was in violation of the Eighth Amendment to the Constitution. This court found defendant's claims without merit and denied the § 2255 motion. The defendant appealed the ruling which the Fourth Circuit Court of Appeals affirmed (No. 11-6555, decided June 21, 2011).

Presently pending are four *pro se* motions by the defendant which the court will address herein.

1

The defendant's motion to order the Bureau of Prisons to incarcerate him at the Federal Correctional Institution at Butner, North Carolina (ECF No. 302) is denied with prejudice as this court is without authority to direct the Bureau of Prisons to assign the defendant to a new prison facility or the institution of his choice.

The defendant's motion to reduce his sentence under USSG 5K2.13 based on diminished mental capacity (ECF No. 305) is also denied. In this "motion for new discovery of new evidence" and for a downward departure from the guidelines, the defendant alleges errors at sentencing, violations of his due process rights, and contentions of ineffective assistance of trial counsel because counsel allegedly failed to raise defendant's severe mental illness before his guilty plea and sentence.

It thus appears that the defendant is raising new claims of ineffective assistance of counsel that are properly brought before the court pursuant to 28 U.S.C. § 2255. However, because the defendant has already brought one motion under § 2255, successive or repetitive § 2255 claims are subject to dismissal under Rule 9(b) of the Section 2255 Rule. *See Slack v. McDaniel*, 529 U.S. 473, 485-489 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *Cf. Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996).

Before the defendant can file a successive § 2255 motion raising claims of ineffective assistance of counsel, the defendant must seek leave from the United States Court of Appeals

for the Fourth Circuit to do so. In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Thus, the defendant's motion (ECF No. 305) is denied without prejudice.

Defendant's motion for an extension of time (ECF No. 301) is moot, as the defendant has already re-filed his motion for discovery/to reduce his sentence as ECF No. 305 and that motion has been denied herein.

Finally, defendant's motion to compel (ECF No. 291) is denied with prejudice, as the defendant raised the same issues in his most recent motion for discovery/to reduce his sentence (ECF No. 305).

IT IS SO ORDERED.

May 30, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge